UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

               Plaintiff,

v.

MATTHEW GREEN,

               Defendant.

Case No. 23-cr-20506

Hon. F. Kay Behm

---

## MOTION AND ORDER TO SEAL EXHIBIT

The United States of America by and through its undersigned attorneys respectfully requests that Exhibit 2 for the United States of America's Response to Defendant's Motion to Reduce Sentence be sealed from public disclosure until further order of this Court because it contains the defendant's medical records.

### LEGAL STANDARD

Courts "have always been afforded the power to seal their records" under certain circumstances. *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983) (collecting cases); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (holding that courts maintain "supervisory power over [their] own records and files"). This power is reflected in the Federal Rules of Civil Procedure and the Eastern District of Michigan's Local Rules. *See* Fed. R. Civ. P. 5.2(d) ("The court may order that a filing be made under seal without redaction."); E.D. Mich. LR 5.3(b). Local Rule 5.3(b)(3)(A) outlines the steps that a party must

take to request authorization to file materials under seal. E.D. Mich. LR 5.3(b)(3)(A). Local Rule 5.3 applies in criminal cases. *See* E.D. Mich. LCrR 1.1; E.D. Mich. LR 1.1(c).

In the Sixth Circuit, there is a strong presumption that records filed with the court must be open. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The burden of overcoming that presumption is borne by the party that seeks to seal them." *Id.* The presumption can be overcome if a party shows "a compelling reason why certain documents or portions thereof should be sealed [and that] the seal itself [is] narrowly tailored to serve that reason." *Id.* "The proponent of sealing . . . must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (internal citation and quotation marks omitted). "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* at 305 (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d at 476).

"[A] district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 306 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). "[A] court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it." *Id.* "And a court's failure to set forth those reasons—as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader

than necessary—is itself grounds to vacate an order to seal." *Id.*

## ARGUMENT

The Sixth Circuit instructs that "[t]he proponent of sealing must provide compelling reasons to seal the documents and demonstrate that the sealing is narrowly tailored to those reasons—specifically, by 'analyz[ing] in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016) (quoting *Shane Group, Inc.*, 825 F.3d at 306).

As noted in Local Rule 5.3's "Comments to 2018 Revisions,"

> [f]or further guidance on the legal standards governing filing under seal, *see Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016), *Beauchamp v. Fed. Home Loan Mortgage Corp.*, 658 Fed. App'x 202 (6th Cir. 2016), and *Rudd Equipment Co. v. John Deere Const. & Forestry Co.*, 834 F.3d 589 (6th Cir. 2016).]

The government respectfully requests that Exhibit 2 for the United States of America's Response to Defendant's Motion to Reduce Sentence be sealed from public disclosure until further order of this Court because it contains the defendant's medical records. E.D. Mich. LR 5.3(b)(3)(A)(i)–(iv).

"[T]he moving Defendants seek to file various summary judgment exhibits under seal to protect Plaintiff's confidential and sensitive personal medical information. (*See* ECF Nos. 57, 60.) Sealing such records is in accordance with the strong public policy of HIPAA and Ohio Revised Code Section 2317.02(B) of protecting patient information." *Harrison v. Scott*, No. 2:18-CV-1023, 2021 WL

2438858, at *2 (S.D. Ohio June 15, 2021). "The Court agrees with defendant's contention that "the medical records (and references thereto) contain private health information of the Plaintiff and a third-party to this action" and "[t]heir interest in protecting their private health information outweighs the public's interest in open access." *Hines v. Humana Ins. Co.*, No. 1:21-CV-409, 2023 WL 2562723, at *2 (S.D. Ohio Mar. 17, 2023)

Here, Green's medical records identify medications, medical diagnoses, medical test results, and contain confidential statements to medical providers. They also contain some personal identifying information. The interest in protecting all this private health information outweighs that of the public's interest in disclosure of it.

## CONCLUSION

For these reasons, the government asks the Court to grant the motion to seal.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

Dated: October 7, 2025

s/Blaine Longsworth
Assistant United States Attorney
600 Church Street
Flint, MI  48502
Blaine.longsworth@usdoj.gov

IT IS SO ORDERED.

Dated: October 7, 2025         s/F. Kay Behm
                                                  F. Kay Behm
                                                  United States District Judge